UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PHILLIP HAHN,

        Plaintiff,                            **MEMORANDUM & ORDER**

       v.                                     23-CV-4470 (RPK) (LB)

THE UNITED STATES OF AMERICA,
THE UNITED STATES POSTAL SERVICE,
ANNMARIE CODDETT,
JOHN AND JANE DOE 1–1000,

        Defendants.
------------------------------------------------------------x
PHILLIP HAHN,

        Plaintiff,

       v.                                     23-CV-8472 (RPK) (LB)

THE UNITED STATES OF AMERICA,
THE UNITED STATES POSTAL SERVICE,
ANN MARIE CODDETT,
JOHN AND JANE DOE 1–1000,

        Defendants.
------------------------------------------------------------x
PHILLIP HAHN,

        Plaintiff,

       v.                                     23-CV-8342 (RPK) (LB)

THE UNITED STATES OF AMERICA,
THE UNITED STATES POSTAL SERVICE,
ANN MARIE CODDETT, PATRICIA REED,
JOHN AND JANE DOE 1–1000,

        Defendants.
------------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff filed three related actions—Nos. 23-CV-4470, 23-CV-8472, and 23-CV-8342—against the United States of America, the United States Postal Service, Postal Service employees Ann Marie Coddett and Patricia Reed, and one thousand John and Jane Doe defendants.

1

On June 11, 2024, Magistrate Judge Bloom issued a Report and Recommendation ("R. & R.") recommending that these actions be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b) because plaintiff failed to properly serve defendants with process, despite three extensions of the Rule 4(m) deadline and six orders advising plaintiff that failure to properly serve defendants would result in the actions' dismissal. *See* R. & R. (No. 23-CV-4470, Dkt. #27; No. 23-CV-8472, Dkt. #19; No. 23-CV-8342, Dkt. #19). For the reasons explained below, the R. & R. is adopted in full.

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party timely objects to a magistrate judge's recommendation on a dispositive issue, the district court must "determine *de novo*" those parts of the ruling that have been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). Those parts of an R. & R. that are uncontested, or to which no proper objection has been made, may be reviewed for "clear error." *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citation omitted); *see Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citing Fed. R. Civ. P. 72 advisory committee's note to 1983 addition). Clear error will be found only when, upon review of the entire record, the Court is left with "the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

Plaintiff filed a letter timely objecting to the R. & R. *See* Ltr. (No. 23-CV-4470, Dkt. #28; No. 23-CV-8472, Dkt. #20; No. 23-CV-8342, Dkt. #20). He first argues that he properly served defendants because he "presented" the summons and complaint "to be delivered via certified mail to a post office clerk" and "[a]s a result, when the mail man delivered a copy of the summons and complaint to the intended recipient, a third party over the age of 18 provided good service in the

matter." *Id.* at 1.  Plaintiff's argument lacks merit.  Plaintiff was required to serve the summonses and complaints on defendants in the manner set forth by Rule 4(i) of the Federal Rules of Civil Procedure, which governs service of process on the United States and its agencies and employees. The Federal Rules of Civil Procedure also impose limitations on who can effectuate service, including that the server must be either a United States marshal, a special appointee, or "[a]ny person who is at least 18 years old and not a party" to the litigation.  Fed. R. Civ. P. 4(c); *see Lopez v. Bayview Loan Servicing*, No. 16-CV-1459 (MKB) (LB), 2017 WL 1507452, at *2 n.2 (E.D.N.Y. Apr. 27, 2017).  As Judge Bloom explained, plaintiff's certified mail receipts "do not reflect who sent the certified mailings—specifically, whether the documents were mailed by a person over 18 years old who is not a party to the actions."  R. & R.  5.  Plaintiff appears to assert that it is sufficient for "the mail man" who delivers the certified mail to be "a third party over the age of 18."  Ltr. 1. However, "[e]ven when service on the United States is effected by the mails, only a non-party over 18 years of age, a special appointee, or a United States Marshal can place the summons and complaint in the mail."  Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure Civil* § 1106 n.15 (4th ed. 2024); *see also Constien v. United States*, 628 F.3d 1207, 1213–14 (10th Cir. 2010) (holding that Rule 4(c) "contains no mailing exception to the nonparty requirement for service"); *McCray v. Unite Here*, No. 13-CV-6540 (RBK) (JS), 2015 WL 1279694, at *3 (D.N.J. Mar. 20, 2015) (same); *Otto v. United States*, No. 5-CV-2319 (GK), 2006 WL 2270399, at *2 (D.D.C. June 28, 2006) (same).

Second, plaintiff argues that because he is a federal employee, and because he possessed the summonses and complaints "while on official duty," that "qualif[ies] for good service on the United States and the United States Post Office."  Ltr. 1.  Plaintiff is incorrect.  To serve the United States, Rule 4(i)(1) requires parties to "(i) deliver a copy of the summons and of the complaint to

3

the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk," or "(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office," in addition to "send[ing] a copy of each by registered or certified mail to the Attorney General of the United States." Fed. R. Civ. P. 4(i)(1). To serve the United States Post Office, Rule 4(i)(2) requires parties to "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the [United States Post Office]." Fed. R. Civ. P. 4(i)(2). Plaintiff's own possession of the summonses and complaints does not satisfy those requirements, even if he is employed by the Postal Service.

Finally, plaintiff appears to argue that the question of whether he properly served defendants must be "confirmed by a jury." Ltr. 1. Plaintiff misunderstands the role that juries play in civil actions. Plaintiff has advanced expansive theories relating to his jury trial rights in numerous state and federal courts in the past, and those courts have explained that the mere filing of a civil complaint does not guarantee that his claims will reach a jury. *See* R. & R. 3 n.2 (collecting cases); *see also, e.g.*, *Hahn v. Smith*, No. 21-CV-00637 (JDW), 2021 WL 1293442, at *1 (E.D. Pa. Apr. 7, 2021) (citing *Parkland Hosiery Co. v. Shore*, 439 U.S. 322, 336 (1979); *Galloway v. United States*, 319 U.S. 372, 388–93 (1974); and *Fidelity & Deposit Co. v. United States*, 187 U.S. 315, 319–21 (1902)). Indeed, before plaintiff's claims can be decided by anyone—judge or jury—he must fulfill the threshold requirements for commencing a civil action set forth in the Federal Rules of Civil Procedure, including proper service of process.

Having determined that plaintiff's objections lack merit and having found no clear error in the unobjected-to portions of the R. & R., I adopt the R. & R. in full. These actions are dismissed

without prejudice.  The Clerk of Court is respectfully directed to close these cases and mail plaintiff a copy of this order.

       SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: July 2, 2024
       Brooklyn, New York